283 So.2d 431

**EMPIRE HOME LOANS, INC., a corp.**

**v.**

**W. C. BRADLEY COMPANY, a corporation d/b/a Columbus Iron Works Company and Sunbeam Heating & Insulating Co., a corporation.**

**SC 301.**

Supreme Court of Alabama.

Sept. 27, 1973.

Phillips, Funderburk & Faulk, Phenix City, for appellant.

Paul J. Miller, Jr., Phenix City, for appellee W. C. Bradley Co.

Cornett & Perdue, Phenix City, for appellee Sunbeam Heating and Insulating Co., Inc.

MADDOX, Justice.

This is the second appeal in this case. We will not restate the facts since they are set out fully in the opinion on prior appeal. There, in Empire Home Loans, Inc. v. W. C. Bradley Co., 286 Ala. 449, 241 So.2d 317 (1970), this Court held, in substance, that where amounts advanced under construction loan mortgages far exceeded the value of the lots in their naked state and removal of the finished houses on the lots would be detrimental to all parties, a materialman's and mechanic's lien created subsequent to

the recordation of the construction mortgage would not be given priority. This Court also held that where the materialman's lien attached prior to the recordation of the construction loan mortgage, the lien attached to both the land and the buildings.

On remand, the trial court entered a decree which recognized these priorities as set out in this Court's opinion. The Court ordered the lots involved in this litigation sold to satisfy the liens in accordance with the priority established in the decree.

Empire was dissatisfied with this decree, especially insofar as it ordered a sale of the lots. Empire claims that since it had foreclosed its mortgage prior to the filing of this suit, and since more than one year has expired since the foreclosure sale, the lienholders' only right was to redeem, and their failure to redeem operated as a waiver of any future right of redemption. We find no merit in Empire's contention.

In the original bill, Bradley asked the court to determine the priority of Empire's lien and his lien. Bradley asked the court to order the lots sold to satisfy the liens. On the initial appeal, Empire assigned no error attacking the validity of the court's decree ordering a sale of the lots. The main question on the prior appeal concerned the question of priority. This Court found in Empire's favor in several respects. Implicit in this Court's opinion was the proposition that the lienholders were entitled to priority with respect to the "proceeds". "Proceeds" could not be derived except upon a sale of the lots. Admittedly, this Court did not address the propriety of the lower court's decree ordering a sale. Empire did not question the correctness of the decree in this regard.

Since we find that the trial court has followed the opinion and mandate of this Court on original appeal, the decree appealed from is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.